IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA L. KELLEY,

      Plaintiff,

vs.                                                                                                                            1:18-cv-01056-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

      Defendant.
.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Veronica L. Kelley's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 16), which was fully briefed on June 24, 2019. *See* Docs. 20, 21, 22. The parties consented to my entering final judgment in this case. Docs. 3, 7, 8. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to resolve a conflict between the vocational expert's ("VE's") testimony and the Dictionary of Occupational Titles ("DOT"). I therefore GRANT Ms. Kelley's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

    **I.**        **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Ms. Kelley was born in 1970, earned a bachelor's degree in horticulture, and worked as an office assistant, a hotel attendant, an office manager at a nursery, a lab technician, and a security assistant. AR 57, 204, 227.[4] Ms. Kelley filed an application for Disability Insurance

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Document 13-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

Benefits ("DIB") on September 5, 2014, alleging disability since November 13, 2009,[5] due to lupus, Sjogren's syndrome, Raynaud's disease, fibromyalgia, fatty liver disease, and hypersomnia. AR 204–05, 226. The Social Security Administration ("SSA") denied her claim initially on March 13, 2015. AR 133–35. The SSA denied her claims on reconsideration on July 23, 2015. AR 139–43. Ms. Kelley requested a hearing before an ALJ. AR 144–45. On July 18, 2017, ALJ Lillian Richter held a hearing. AR 47–98. ALJ Richter issued her unfavorable decision on December 27, 2017. AR 26–46.

The ALJ found that Ms. Kelley met the insured requirements of the Social Security Act through December 31, 2014. AR 31. At step one, the ALJ found that Ms. Kelley had not engaged in substantial, gainful activity since July 1, 2012, her amended alleged onset date. *Id*. At step two, the ALJ found that Ms. Kelley suffered from the following severe impairments: "systemic lupus erythematosus, fatigue, fibromyalgia, Raynaud[']s syndrome, somatic symptom disorder, mild neurocognitive disorder due to fibromyalgia, Sjogren's syndrome, fibromyositis, anxiety, and depression." AR 32.

At step three, the ALJ found that none of Ms. Kelley's impairments, alone or in combination, met or medically equaled a Listing. AR 32–35. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Kelley's RFC. AR 35–40. The ALJ found Ms. Kelley had the RFC to

> to perform a limited range of sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally stoop, kneel, crouch and crawl, can occasionally climb ramps and stairs, can never balance, can never climb ladders, ropes or scaffolds. The claimant should avoid exposure to unprotected heights and hazardous machinery. The claimant can frequently handle and can frequently finger and feel bilaterally. The claimant is limited to simple routine work. The claimant cannot perform work outside and should avoid exposure to extreme cold.

---

[5] Ms. Kelley later amended her alleged onset date to July 1, 2012. AR 222.

4

AR 35.

At step four, the ALJ concluded that Ms. Kelley could not perform any of her past relevant work. AR 40. The ALJ found Ms. Kelley not disabled at step five because she could perform jobs that exist in significant numbers in the national economy—such as "telephone quotation clerk," "charge account clerk," and "call out operator." AR 40–41. On January 30, 2018, Ms. Kelley requested that the Appeals Council review the ALJ's unfavorable decision. AR 203. Ms. Kelley submitted additional evidence to the Appeals Council. AR 8–20. On September 15, 2018, the Appeals Council denied the request for review and found that the additional evidence did "not relate to the period at issue." AR 1–4. Ms. Kelley timely filed her appeal to this Court on November 13, 2018.[6] Doc. 1.

**IV.     Ms. Kelley's Claims**

Ms. Kelley raises three arguments for reversing and remanding this case: (1) the Appeals Council erred by finding that the new evidence she submitted did not relate to the period at issue; (2) the ALJ failed to properly weigh the opinion of state agency psychological examiner Dr. Daniel Hendricks; and (3) the ALJ failed to resolve a conflict between the VE's testimony and the DOT. Doc. 16 at 2, 10–21. Because the ALJ failed to resolve a conflict between the VE's testimony and the DOT which requires remand, the Court does not address the other alleged errors, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**V.      Analysis**

Ms. Kelley argues that the ALJ failed to resolve a conflict between the VE's testimony and the DOT, in violation of Tenth Circuit precedent and SSR 00-4p. Doc. 16 at 18–21. The

---

[6] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 3.

5

ALJ included a limitation to "simple, routine work" in the hypothetical she gave the VE. AR 91. The VE then testified that Ms. Kelley could perform three jobs that require level three reasoning. AR 92. Ms. Kelley argues that there is a conflict between "simple, routine work" and level three reasoning. Doc. 16 at 18–21. She further argues that because the ALJ did not resolve this conflict, the ALJ's step 5 findings are not supported by substantial evidence, and remand is required. *Id*. at 18. The Commissioner argues that there was no conflict between the VE's testimony and the DOT. Doc. 20 at 18–21. The Court agrees with Ms. Kelley.

When the disability analysis reaches step five of the sequential process, the burden shifts to the Commissioner to show that "there are sufficient jobs in the national economy for a hypothetical person with [the claimant's] impairments," *Jensen*, 436 F.3d at 1168, "given her age, education, and work experience," *Lax*, 489 F.3d at 1084. The Commissioner meets this burden if the decision is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

The Tenth Circuit has held that "an ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). After the Tenth Circuit's holding in *Haddock*, the Social Security Administration promulgated Social Security Ruling ("SSR") 00-4p which states that

> before relying on VE . . . evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT) . . . and Explain in the determination or decision how any conflict that has been identified was resolved.

SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). SSR 00-4p goes on to say that [w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] **must** elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." *Id*. at *2 (emphasis added). "The [ALJ] **must** explain the resolution of the conflict irrespective of how the conflict was identified." *Id*. at *4 (emphasis added).

The Tenth Circuit also has addressed the interplay between a claimant's RFC and the reasoning levels listed for jobs in the DOT. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).[7] In *Hackett*, the ALJ found that the claimant had the RFC to perform "simple and routine

---

[7] The DOT contains a definition trailer for each job, which lists the following information for each job: (1) the Date of Last Update ("DLU"), (2) the Specific Vocational Preparation ("SVP"), (3) the General Educational Development ("GED"), (4) the Physical Demands-Strength Rating, and (5) a Guide for Occupational Exploration ("GOE"). DICTIONARY OF OCCUPATIONAL TITLES, APPENDIX C - COMPONENTS OF THE DEFINITION TRAILER, 1991 WL 688702. The GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance" and is composed of three separate divisions: Reasoning Development, Mathematical Development and Language Development. *Id*. Reasoning Development is further broken down into six levels:
> LEVEL 6
> Apply principles of logical or scientific thinking to a wide range of intellectual and practical problems. Deal with nonverbal symbolism (formulas, scientific equations, graphs, musical notes, etc.) in its most difficult phases. Deal with a variety of abstract and concrete variables. Apprehend the most abstruse classes of concepts.
> LEVEL 5
> Apply principles of logical or scientific thinking to define problems, collect data, establish facts, and draw valid conclusions. Interpret an extensive variety of technical instructions in mathematical or diagrammatic form. Deal with several abstract and concrete variables.
> LEVEL 4
> Apply principles of rational systems . . . to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. . . .
> LEVEL 3
> Apply commonsense understanding to carry out instructions furnished in written,

7

work tasks." 395 F.3d 1176. The ALJ relayed this RFC to the VE, and the VE testified that a claimant with this RFC would be able to perform the jobs of surveillance-system monitor and call-out operator. *Id*. According to the DOT, these jobs both required a reasoning level of three. *Id*. Under the DOT, a reasoning level three requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations." *Id*. The Tenth Circuit held that there was an apparent, unresolved conflict between "simple and routine work tasks" and jobs requiring level three reasoning. *Id*. The Tenth Circuit remanded the case to allow the ALJ to resolve that conflict. *Id*. There was "no indication in the record that the VE expressly acknowledged a conflict with the DOT or that he offered any explanation for the conflict." *Id.* at 1175.

This case is indistinguishable from *Hackett*, and remand is therefore required. In this case, the ALJ found Ms. Kelly had the RFC to perform "simple routine work." AR 35. The ALJ relayed this limitation to the VE, and the VE testified that a claimant with this limitation would be able to perform the jobs of "telephone quotation clerk," "charge account clerk" and "call out operator." AR 91–92. According to the DOT, these jobs all require a reasoning level of three, or

---

   oral, or diagrammatic form. Deal with problems involving several concrete
   variables in or from standardized situations.
   LEVEL 2
   Apply commonsense understanding to carry out detailed but uninvolved written
   or oral instructions. Deal with problems involving a few concrete variables in or
   from standardized situations.
   LEVEL 1
   Apply commonsense understanding to carry out simple one- or two-step
   instructions. Deal with standardized situations with occasional or no variables in
   or from these situations encountered on the job.
*Id*.

the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." *See* 237.367-046 TELEPHONE QUOTATION CLERK, DICOT 237.367-046 (1991 WL 672194); 205.367-014 CHARGE-ACCOUNT CLERK, DICOT 205.367-014 (1991 WL 671715); 237.367-014 CALL-OUT OPERATOR, DICOT 237.367-014 (1991 WL 672186). As in *Hackett*, in this case there is an apparent, unresolved conflict between simple routine work and jobs requiring level three reasoning.[8] 395 F.3d 1176. As in *Hackett*, in this case there is "no indication in the record that the VE expressly acknowledged a conflict with the DOT or that [s]he offered any explanation for the conflict." *Id*. at 1175. As in *Hackett*, the Court will remand this case to allow the ALJ to resolve the conflict.

The Commissioner raises several arguments against remanding this case, none of which overcome the binding precedent of *Hackett*. First, the Commissioner argues that the ALJ "gave Plaintiff an opportunity to cross examine the vocational expert." Doc. 20 at 18. However, the fact that Ms. Kelley (or her counsel) did not raise this conflict at the hearing is not fatal to her claim. In *Hackett*, the Tenth Circuit noted that it was "unfortunate" that plaintiff did not raise the issue of a conflict between the VE testimony and the DOT at the hearing level, but noted that "[t]he Supreme Court has ruled . . . that a plaintiff challenging a denial of disability benefits under 42 U.S.C. § 405(g) need not preserve issues in the proceedings before the Commissioner or her delegates." *Hackett*, 395 F.3d at 1176.

---

[8] The Commissioner argues that Ms. Kelley "does not seriously argue she is mentally incapable of performing the work at step five." Doc. 20 at 21. The Commissioner offers several *post hoc* rationalizations to show that Ms. Kelley is capable of the jobs identified by the VE. *see id.*, which, of course, this Court is not permitted to adopt, *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). The Commissioner does not meaningfully address *Hackett's* holding that the ALJ's RFC and the DOT conflict. The ALJ therefore must address this apparent conflict on remand.

9

Second, the Commissioner argues that the GED levels listed in the DOT, including reasoning levels, do not describe the specific mental or skill requirements of a job, but instead "embrace[] those aspects of *education* (formal and informal) which are required of the worker for satisfactory job performance." Doc. 20 at 19 (quoting DOT, App'x C, 1991 WL 688702 (emphasis added)). The Commissioner cites two unpublished Tenth Circuit cases in support of this argument: *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) (unpublished), and *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012) (unpublished). However, these cases did not cite *Hackett*, much less reconcile their reasoning with its holding. *See generally id.* And, because they are unpublished, they are not precedential. 10th Cir. R. 32.1(A). Lower courts are required to follow *Hackett* over any unpublished cases. The fact that *Hackett* did not explicate this particular argument does not undermine its precedential effect. *See Leyba v. Colvin*, No. CV 15-903 GBW, 2016 WL 9777219, at *4 (D.N.M. Sept. 23, 2016) (collecting cases of those "courts [that] have held that, to the extent that the unpublished opinion in *Anderson* is in conflict with *Hackett*, the rationale of the latter should prevail"); *see also Perea v. Berryhill*, No. CV 17-573 KK, 2018 WL 4148431, at *9 (D.N.M. Aug. 30, 2018) ("[T]he Court declines to adopt the Commissioner's position that the GED reasoning levels can be disregarded when addressing the mental demands of jobs listed in the DOT and that identifying unskilled jobs eliminates any conflicts and accommodates a claimant's limitation to do simple work."). The Commissioner fails to offer any reasonable basis for this Court to conclude that the holding in *Hackett* does not require a remand in this case.

Finally, the Commissioner argues that this case is distinguishable from *Hackett* because the ALJ in this case asked the VE if there were conflicts between her testimony and the DOT, whereas the VE in *Hackett* "was not asked, as required by SSR 00-4p, about conflicts with the

DOT." Doc. 20 at 20. The Court finds this to be a distinction that does not make a difference. Tenth Circuit precedent is clear that "before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the . . . requirement[s] of identified jobs corresponds with the Dictionary of Occupational Titles, **and** elicit a reasonable explanation for any discrepancy on this point." *Haddock,* 196 F.3d at 1087 (emphasis added); *see also* SSR 00–4p, 2000 WL 1898704, at *2–*4 ([w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] **must** elicit a reasonable explanation for the conflict before relying on the VE . . ." and "[t]he [ALJ] **must** explain the resolution of the conflict irrespective of how the conflict was identified"); *Hackett*, 395 F.3d at 1175 (noting that SSR 00–4p "essentially codifies *Haddock*" and "requires a reasonable explanation for conflicts between a VE's testimony and the DOT relating to any 'occupational information'") (citation omitted). These legal sources make it clear that mere reliance on the VE's affirmation of consistency is not enough. The ALJ in this case failed to identify or explain the apparent conflict between the VE's testimony and the DOT. As in *Hackett*, this Court must "remand to allow the ALJ to address the apparent conflict." 395 F.3d 1176.

## VI.  Conclusion

The ALJ erred by failing to resolve a conflict between the VE's testimony and the DOT. The Court remands the case so that the ALJ can resolve this conflict. The Court does not reach Ms. Kelley's other claimed errors, as these "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

IT IS THEREFORE ORDERED that Ms. Kelley's Motion to Reverse and Remand for a Rehearing (Doc. 16) is GRANTED.

11

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent